IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ROBERT D. TYLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | |
| | ) | **1:14-CV-02568-SCJ-AJB** |
| **KIA MOTORS MANUFACTURING** | ) | |
| **GEORGIA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **JOINT PRELIMINARY REPORT** |
| | ) | **AND DISCOVERY PLAN** |

1.  ***Description of Case:***

    *(a)     Describe briefly the nature of this action.*

    Robert Tyler ("Plaintiff" or "Tyler") brings this action against Defendant Kia Motors Manufacturing Georgia, Inc. ("KMMG" or "Defendant) pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII").  Plaintiff alleges that Defendant retaliated against him because he engaged in activities that were protected by Title VII and/or Section 1981. Defendant denies Plaintiff's allegations.

    *(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.*

    <u>For Plaintiff</u>: Plaintiff was hired by Kia Motors Manufacturing Georgia, Inc.

on September 17th, 2007. At all relevant times Plaintiff worked for Defendant in the Human Resources department, where Plaintiff's duties included hiring and recruitment of employees, administration of compensation and benefits, policy development and implementation of hourly and salaried employees, conflict resolution, corrective action, performance management, communications, and supplier support. In order to facilitate his duties for Defendant, Plaintiff frequently maintained duplicate electronic documents on his home computer. Plaintiff supervisor Randy Jackson was aware of this practice and never informed him to stop the practice or dissuade Plaintiff from doing so.

Around the time Plaintiff was hired, Supervisor Randy Jackson informed Plaintiff that he "had to make sure [Plaintiff] controlled the number of African Americans" and "employee candidates over 50", that were hired.  This directive was communicated to Plaintiff from Mr. Jackson and was said to have been a directive from given by the Koreans; specifically Kevin Kim (Senior Manager of HR and Training) and K.S. Kim (Vice President of Administration). Plaintiff informed Mr. Jackson that this practice was illegal.  As a practice to carry out this directive, Plaintiff was required to maintain Pre Employment Candidate Review Charts that included categories for sex, race, and age and thus would be used to determine job offers to candidates. Furthermore, Plaintiff was forced to carry out

directives from Korean executives that denied recommendation for employment for female salaried professionals based solely on gender. In September of 2010, Plaintiff submitted a fourteen page Report to Defendants Korean executive staff detailing his [Plaintiff's] concerns of illegal and unethical hiring practices Defendants were engaged in. This report went largely unrecognized and thus Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in November of 2010. Plaintiff was ultimately terminated from Defendant's employment January 6th, 2011.

For Defendant:  In September 2007, KMMG hired Plaintiff as the Manager of the HR Management division of its Human Resources Department at its West Point, Georgia manufacturing facility (the "Plant").  In 2010, KMMG promoted Plaintiff to the position of Sr. Manager and Head of Department ("HOD") over the Plant's Human Resources Department.  As Sr. Manager, Plaintiff's duties included the creation, revision, and enforcement of employment policies.  Thus, Plaintiff was responsible for overseeing (and when necessary participating in) the investigation and resolution of internal complaints of discrimination and harassment.  As a Sr. Manager, Plaintiff also held a fiduciary position and had access to a wide range of confidential and proprietary information.  Such access

was granted pursuant to various KMMG policies governing confidential information and trade secrets, including an Information Technology User Policy that was originated by Plaintiff.

On or about November 24, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that KMMG had engaged in systemic discrimination against women, African Americans, and older applicants that KMMG had retaliated against him after he raised these allegations internally. In response, KMMG provided statistical data to the EEOC which demonstrated the fallacy of Plaintiff's allegations, and the agency subsequently issued a "no cause" finding with respect to Plaintiff's Charge.

Prior to the Charge being dismissed, however, KMMG asked Plaintiff to agree that he would not use his position and access to further his personal claims against KMMG.  Specifically, because Plaintiff had access to a wealth of confidential, proprietary information and held a position of trust within KMMG's management team, KMMG asked Plaintiff not to utilize the company's proprietary documents or information, not to put any KMMG team member in a situation that would result in a conflict of interest, not to solicit other team members to make claims against KMMG, and not to defame KMMG to other employees for purposes

4

of furthering his own claims against the company.   On December 3, 2010, Plaintiff signed a document agreeing to refrain from those activities.

That same day, however, Plaintiff downloaded multiple restricted electronic files belonging to KMMG.  When asked about those documents, Plaintiff claimed they were either personal or necessary for his day-to-day work activities.  KMMG then allowed Plaintiff to remove any personal files and issued him a new computer, but less than a week later discovered that he had downloaded additional electronic files belonging to KMMG.  Plaintiff never requested or obtained permission to download these files, many of which were unrelated to any duties he was expected to perform for KMMG.

KMMG then instructed Plaintiff to return all KMMG files that he had downloaded from KMMG's computer systems.  Plaintiff returned just four files. When asked if he had any additional files belonging to KMMG, Plaintiff claimed he did not.  Upon further investigations, however, KMMG learned that Plaintiff had removed (through downloads and emails to his personal email account) more than 20,000 e-mails and other documents from KMMG's computer systems. Based on Plaintiff's dishonesty, theft, and blatant violations of company policy, KMMG terminated Plaintiff's employment on January 6, 2011.   Thereafter, KMMG sued Plaintiff in the Superior Court of Troup County, Georgia alleging,

among other things, misappropriation of trade secrets and computer theft. In that action, KMMG obtained a permanent injunction ordering Plaintiff to return all documents obtained as a consequence of his employment with KMMG along with any copies thereof, and to refrain from disseminating, disclosing, discussing or in any other manner using or referencing said documents.

    *(c)    The legal issues to be tried are as follows:*

For Plaintiff:

    (1)    Was the retaliation upon Plaintiff, by Defendant, a violation of Title VII?

    (2)    Was the retaliation against Plaintiff, by Defendant, for opposing race, age, and gender discrimination a violation of Title VII?

    (3)    The amount and type of damages which are due to the Plaintiff.

    (4)    The declaratory and injective relief which is due to the Plaintiff.

For Defendant:

    (1)    Whether Plaintiff engaged in activity protected by Title VII during his employment with Defendant, and whether any adverse employment action by Defendant against Plaintiff was motivated by such protected activity?

(2)   Whether Plaintiff is entitled to damages of any type, and if so, in what amount?

(d)   *The cases listed below (include both style and action number) are:*

(1)   *Pending Related Cases:*

*Andrea Gogel v. Kia Motors Manufacturing of Georgia, Inc.*, Civil Action No. 1:14-cv-02380-AT-JFK, is currently pending in this district and division and is considered by Plaintiff as being related to his case.

(2)   *Previously Adjudicated Related Cases:*

*Kia Motors Manufacturing Georgia, Inc. v. Robert D. Tyler*, Civil Action No. 11-CV-0018, was previously adjudicated in the Superior Court of Troup County, Georgia, and is considered by Defendant as being related to this case.

**2.**   *This case is complex because it possesses one (1) or more of the features listed below (please check):*

   \_\_\_   (1)   *Unusually large number of parties*
   \_\_\_   (2)   *Unusually large number of claims or defenses*
   \_\_\_   (3)   *Factual issues are exceptionally complex*
   \_\_\_   (4)   *Greater than normal volume of evidence*
   \_\_\_   (5)   *Extended discovery period is needed*
   \_\_\_   (6)   *Problems locating or preserving evidence*
   \_\_\_   (7)   *Pending parallel investigations or action by government*
   \_\_\_   (8)   *Multiple use of experts*

    ___    *(9)*    *Need for discovery outside United States boundaries*

    ___    *(10)*   *Existence of highly technical issues and proof*

    ___    *(11)*   *Unusually complex discovery of electronically stored information*

This case is not complex.

**3.**    ***Counsel:***

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

| For Plaintiff: | Regina S. Molden |
| --- | --- |
| | Georgia Bar No. 515454 |
| | rmolden@moldenholley.com |
| | MOLDEN & HOLLEY, LLC |
| | Peachtree Center – Harris Tower |
| | 233 Peachtree Street, N.E., Suite 1245 |
| | Atlanta, GA 30303 |
| | (404) 324-4500 |
| | (404) 324-4501 (facsimile) |

| For Defendant: | William M. Clifton, III |
| --- | --- |
| | Georgia Bar No. 170176 |
| | bclifton@constangy.com |
| | CONSTANGY, BROOKS & SMITH, LLP |
| | 577 Mulberry Street, Suite 710 |
| | P.O. Box 1975 |
| | Macon, GA  31202-1975 |
| | (478) 750-8600 |
| | (478) 750-8686 (facsimile) |

**4.**    ***Jurisdiction:***

*Is there any question regarding this Court's jurisdiction?*

___ Yes   _X_ No

*If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

**5.    *Parties to this Action:***

*(a)    The following persons are necessary parties who have not been joined:*

   None.

*(b)    The following persons are improperly joined as parties:*

   None.

*(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

   Not applicable.

*(d)    The parties shall have a continuing duty to inform this court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

**6.    *Amendments to the Pleadings:***

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions*

*regarding amendments are contained in LR 15.*

*(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:*

None anticipated at this time.

*(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

**7.   *Filing Times for Motions:***

*All motions should be filed as soon as possible.  The Local Rules set specific filing limits for some motions.  These times are restated below.*

*All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).*

*(a)   Motions to Compel:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.*

*(b)   Summary Judgment Motions:  within 30 days after the close of discovery, unless otherwise permitted by Court Order.  Local Rule 56.1.*

(c)     *Other Limited Motions:  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

(d)     *Motions Objecting to Expert Testimony:*  <u>*Daubert*</u> *motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.*

## 8.   Initial Disclosures:

*The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.*

The parties do not object to making initial disclosures.

## 9.   Request for Scheduling Conference:

*Does any party request a scheduling conference with the Court?   If so, please state the issues which could be addressed and the position of each party.*

The parties do not request a scheduling conference at this time.

## 10.   Discovery Period:

*The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to*

*initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*Please state below the subjects on which discovery may be needed:*

Discovery will be needed relating to: (a) Plaintiff's allegations that he engaged in activities protected by Title VII; (b) Plaintiff's allegations that Defendant retaliated against him based on his protected activities; (c) Plaintiff's claims for damages; and (d) Plaintiff's efforts to mitigate his damages.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

The parties do not currently anticipate needing time beyond that allowed by the assigned discovery track.

**11.    *Discovery Limitation and Discovery of Electronically Stored Information:***

(a)    *What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

(b)    *Is any party seeking discovery of electronically stored information?*

      X    Yes                          No

*If "yes,"*

(1)    *The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:*

At the present time, the parties have agreed to limit electronic discovery to non-privileged emails and other electronic documents which relate to Plaintiff's employment that were sent to or created by Plaintiff, or by any employees of Defendant who had management authority over Plaintiff or responsibility for Defendant's human resources function.  The parties further have agreed to work together to resolve any electronic discovery issue that may arise.

(2)    *The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or (native), method of production (e.g.,*

13

*paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:*

Electronic information will be produced on disk in PDF format with no metadata. Should a party later request that certain documents be produced in some other format, the parties will discuss the related costs, time, and technological considerations related to that request and seek to identify a mutually agreeable production format. The parties have agreed to work together to resolve any issue regarding production of electronic discovery that may arise, and do not anticipate any issues that cannot be resolved between counsel.

*In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.*

**12.   *Other Orders:***

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

Defendant anticipates requesting the entry of a protective order, preferably by consent, to protect the confidentiality of personnel files and other confidential and/or proprietary documents.

**13.    Settlement Potential:**

(a)    Lead Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>August 26, 2014</u>, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

<u>For Plaintiff</u>:          Regina S. Molden

                              <u>/s/ Regina S. Molden                </u>
                              (signature)

Other participants:     None

<u>For Defendant</u>:          William M. Clifton, III

                              <u> /s/ William M. Clifton, III           </u>
                              (signature)

Other participants:     Joseph M. Murray, Jr.

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___)    A possibility of settlement before discovery.

(___)    A possibility of settlement after discovery.

( X )    A possibility of settlement, but a conference with the judge is needed.

(___)    No possibility of settlement.

(c)      Counsel (___) do or (_X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is:  _____, 2014.

(d)      The following specific problems have created a hindrance to settlement of this case:   Prior litigation between the parties, and a lack of discovery.

**14.  Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)      The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2013.

(b)      The parties (_X__) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted, this 15th day of September, 2014.

MOLDEN & HOLLEY, LLC

CONSTANGY, BROOKS & SMITH, LLP

/s/ Regina S. Molden

REGINA S. MOLDEN
Georgia Bar No. 515454
rmolden@moldenholley.com

/s/ William M. Clifton, III

WILLIAM M. CLIFTON III
Georgia Bar No. 170176
bclifton@constangy.com

W. JONATHAN MARTIN II
Georgia Bar No. 474590
jmartin@constangy.com

Peachtree Center – Harris Tower
233 Peachtree Street, N.E., Suite 1245
Atlanta, GA 30303
(404) 324-4500
(404) 324-4501 (facsimile)

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA  31202-1975
(478) 750-8600
(478) 750-8686 (facsimile)

JOSEPH M. MURRAY, JR.
Georgia Bar No. 531999
jmurray@constangy.com

230 Peachtree St., N.W.
Suite 2400
Atlanta, GA 30303
(404) 525-8622
(404) 525-6955 (facsimile)

ATTORNEYS FOR PLAINTIFF

ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ROBERT D. TYLER,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | |
| ) | **1:14-CV-02568-SCJ-AJB** |
| **KIA MOTORS MANUFACTURING** ) | |
| **GEORGIA, INC.,** ) | |
| ) | |
|     **Defendant.** ) | |
| _____ ) | |

## <u>SCHEDULING ORDER</u>

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

      IT IS SO ORDERED, this _____ day of _____, 2014.


                                  _____
                                    UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record for Plaintiff:

> Regina S. Molden
> Georgia Bar No. 515454
> rmolden@moldenholley.com
> MOLDEN & HOLLEY, LLC
> Peachtree Center – Harris Tower
> 233 Peachtree Street, N.E., Suite 1245
> Atlanta, GA 30303

Dated this 15th day of September, 2014.

CONSTANGY, BROOKS & SMITH, LLP

/s/ William M. Clifton, III
WILLIAM M. CLIFTON, III
Georgia Bar No. 170176

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA  31202-1975
(478) 750-8600
(478) 750-8686 (facsimile)
bclifton@constangy.com

19